## SEARLES V. SEIPP.

1. An alteration of a promissory note after it leaves the hands of the maker and without his consent, by increasing the amount for which it was made, by the insertion of words and figures in blank spaces left in the printed form on which it was written, avoids the note as to such maker.

2. A promissory note not made payable to order or bearer is not a negotiable instrument' (section 4456, Comp. Laws); and the assignee of such a note takes it subject to all defenses to which it would be subject in the hands of the original payee.

(Syllabus by the Court. Opinion filed Jan. 12, 1895.)

Appeal from Minnehaha county court. Hon. E. PARLI-MAN, Judge.

Action to recover on a promissory note. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

When a party executes his promissory note in blank, it carries with it implied authority to any holder to fill up the blank and perfect the instrument, and it is valid and binding in the hands of a *bona fide* holder. Bank v. Neal, 22 How. 96; Usher v. Chancey, 4 Camp 97; Buckley v. Butter, 2 B. & C. 415; Schultz v. Ostley, 29 Eng. C. L. 544; Mahone v. Central Bank, 17 Ga. 111; Fullerton v. Sturgis, 4 Ohio 592; Bank v. Curry, 2 Dana 142; Jones v. Shelbyville, 1 Met. 58; Mich. Ins. Co. v. Leavenworth, 30 Ver. 11; Androscoggin v. Kimball, 10 Cush. 373; Ives v. Farmers, 2 Allen, 246; Mich v. Eldred, 76 U. S. 544; Violet v. Patton, 5 Crouch 142; Orrick v. Colston, 7 Grat 189; Redlick v. Dall, 54 N. Y. 236; Huntington v. Branch, 3 Ala. 186; Van Dusen v. Howe, 21 N. Y. 531; Van Dusen v. Howe, 31 Barb 100; Young v. Word, 21 Ill. 223; Goolman v. Semonds, 61 N. P. 343. The holder may fill in the name of the payee when it is left blank or his own name, or where it was delivered to a person who endorses it in blank, the holder may fill in the name of the en-

dorser in the body and then complete the endorsement by filling it up himself. Crutchley v. Coverens, 2 Maule & S. 90; Bunnel v. Enders, 18 Grat 905; Nelson v. Coweng, 6 Hill 336; Pud ov v. Barlow, 31 Vt. 539; Elliott v. Chestnut, 30 Md. 562; Hardy v. Morton, 66 Bar. 533; Dinsmore v. Duncan, 57 N. Y. 573. The production of the note by the plaintiff establishes a *prima facie* case that he owns it free of all equities and the burden of disproving the fact is upon the defendant. Comp. Laws sec. 4470; Edwards Bills & N. 377; Wayland v. Boorman, 14 N. W. 819; Goodman v. Sunonds, 61 U. S. 334.

*Stoddard & Wilson*, for respondent.

Any material alteration in a note after its execution renders it void. Knoxville v. Clark, 1 N. W. 491; 1 Am. & Eng. Enc. Law 497; 5 Lawson's Rights & Rem. sec. 2469; Colson v. Arnot, 57 N. J. 262.

CORSON, P. J. This was an action to recover the amount appearing to be due upon a promissory note, but which the defendant and respondent claims was altered after it left the maker. The note was upon a printed blank, ahd when it left the hands of the defendant, the maker, it was in the following form:

"$——                         December 21, 1886.

"On or before the first day of ——, 188–, for value received, I promise to pay to the Insurance Company of Dakota, at its office in Sioux Falls, Dakota,——Four——Dollars.

"[Signed] ·                           Martin Seipp."

When the note was offered in evidence, it appeared that the word "Forty" had been inserted on the line before the word "Four," the figures "44.00" inserted at the top left-hand corner, after the $ mark, and that the time of payment had been filled in. The word "Four," as written in the blank, was about 2½ inches from the left-hand margin, thus leaving sufficient space to the left of the word "Four" for the word "Forty" to be written in, without attracting attention or creating suspicion

as to the note. The figures "44.00" were undoubtedly written
in after the note was executed. As the evidence upon the trial
as to the condition of the note when it left the hands of the
maker, and the consideration for the same, is short, we repro-
duce it here: "I am the defendant, and reside in Kingsbury
county. I was farming on december 21, 1886. I gave the note
on that day. I gave it to two men who were representing to be
agents of some loan company. I wanted to make a loan on my
farm, and these parties said they loaned money at nine per
cent. I had my house insured for one hundred and fifty dollars
then. They told me that was not sufficient; that I ought to
have three hundred dollars more insurance on my house at
least; and I gave them a note for four dollars to increase the
policy I had in the same company from one hundred and fifty
dollars to three hundred dollars, and extend it to run five years.
When I signed the note introduced in evidence, it was a note
for four dollars. The word 'Forty' was not there. I do not re-
member what figures were in the left-hand corner, if any; only
I know it was not '44.' At the time I signed the note, the word
'Four' was written with a capital letter, and I drew a line after
it on the rest of the blank space to the word 'Dollars.' I saw
the space blank in front of 'Four,' but, as 'Four' was written
with a capital 'F,' I thought it was sufficient to guard against
anything being written in front of it. I did not sign the note
in the form it is now.   *   *   *   Subsequent to the delivery of
this note, I received from the Insurance Company of Dakota a
policy stating that it was given in consideration of forty-four
dollars. That is the only note I gave at that time to this com-
pany. When the policy came, I sent it back to the company,
and wrote them a letter." There was some other evidence
given by the defendant under objection, but, as we do not deem
it material in the determination of the case, it is omitted. The
defendant pleaded the alteration of the note as a defense to the
action; and the jury having found a verdict in favor of the de-
fendant, upon which a judgment was rendered, the plaintiff
appeals.

While the learned counsel for appellant concedes that a material alteration in a promissory note by the payee or parties interested, without the consent of the maker, renders it void, yet he contends that when a party issues his promissory note in blank, and the blank is afterwards filled, even by a person having no actual authority, the instrument is valid and binding in the hand of a *bona fide* holder. There are two answers to this proposition. The first is that the note is nonnegotiable, and the rule invoked as applicable to negotiable instruments does not apply to the note in controversy. Second, the blank was filled; that is, the word "Four," representing just the sum for which the maker seems to have intended to give the note, was written therein. It is contended, however, that, as the word "Four" was so written in the note that the blank was virtually left unfilled, the defendant is liable, on the ground of negligence, if not otherwise, in so leaving the blank partially unfilled. But such does not seem to be the rule established by the weight of authority. When the blank in such an instrument is filled with the sum for which the instrument is intended to be given, though the party to be charged is guilty of some negligence in the manner it is filled, he will not be liable, for the alteration in the instrument without authority is forgery.

The case of Bank v. Stowell, 123 Mass. 196, is a case in its facts almost identical with the one at bar, except the note in that case was negotiable. The facts are stated as follows: "George W. Bardwell obtained from the plaintiff a printed blank form of promissory note, such as the bank was accustomed to use. He then wrote in the figures '67' at the top of the note, leaving a space of three-tenths of an inch between the mark '$' and these figures, and also wrote in the words 'sixty-seven' before the word 'dollars' in the body of the note, leaving three inches of the blank space before the words 'sixty-seven' unfilled, signed the note thus filled out, and presented it to the defendants, who, at his request and for his accommodation, signed the note as a note for $67, and with no knowledge or ex-

pectation that the note was to be altered, given or negotiated for any other or larger sum, and without any authority to him to alter or increase the amount of the note. Bardwell, then, without the knowledge of the defendants, fraudulently wrote the figure '4' before the figures '67' at the top of the note, and the words 'four hundred and' before the words 'sixty-seven' in the body of the note; and, on the note so altered, the plaintiff, without any notice of the alteration, lent to Bardwell the sum of $467. The note was then in the condition it now is, and there was no mark or indication of alteration." Under the facts as thus disclosed, the supreme court of Massachusetts held that the note was void as to the makers who had no knowledge of or consented to the alteration, and that the plaintiff, although a *bona fide* holder for value, could not recover as against them. The case of Bank v. Clark, 51 Iowa, 269, 1 N. W. 491, was in the facts connected with the alteration very similar to the case at bar, except in that case also the note was negotiable. The note, however, was held void, and the maker held not to be liable thereon. In the well considered case of Holmes v. Trumper, 22 Mich. 427, the supreme court of Michigan held that a promissory note which had been altered by inserting after the words "with interest at," at the end of the printed blank, the words and figures "10 per cent," was void, even in the hands of a bona fide holder before due. In Worrall v. Gheen, 39 Pa. St. 388, the supreme court of Pennsylvania held that a note altered in a similar manner to the one at bar was not good for more than the original amount in the hands of an innocent holder for value; and the court says: "This is a case of a printed form of promissory note, filled up by the maker, and then indorsed for his accommodation by another, and then altered by the maker to a larger sum by taking advantage of some vacant space left in the form. If the sum had been left entirely blank, the inference would have been that the parties authorized the holder to act as their agent in filling it in, and they would have been bound accord-

ingly.   But where a sum is actually written, we can make no
such inference from the fact that there is room to write more.
The fact shows carelessness; but it is not the carelessness of
the indorser, but the forgery of the maker, that was the prox-
imate cause that mislead the holder.   And we know not how
we can say that a man can be chargable with a contract be-
cause he did not use proper precaution in guarding against for-
gery in any of the thousand forms it may take.   We know of
no way of saving purchasers of negotiable paper from the ne-
cessity and the consequences of relying on the character of the
man they buy from, if they do not take the trouble of inquiring
of the original parties."   Under the modern authorities, such
a note is held void in toto.   Wade. v. Withington, 1 Allen, 561;
Draper v. Wood, 112, Mass, 315; Wood v. Steele, 6 Wall 80;
Bradley v. Mann. 37 Mich. 1; Waterman v. Vose, 43 Me. 504;
Goodman v. Eastman, 4 N. N. 455; Bruce v. Westcott, 3 Barb.
374.

The contention of the learned counsel for appellant, there
fore, that the note, when given to the two men, was signed in
blank, is not supported by the evidence, as construed by the
authorities.   The blank for the amount for which the note was
given was filled up when the word "Four," was written therein,
and the note signed by the defendant.   No one had authority,
expressed or implied, to alter the amount to any extent what-
ever.   The fact that there was a space to the left of the word
"Four" on the same line, was not material.   But, as we have
stated, the note in controversy is not negotiable, not being
made payable to order or bearer (section 4456 Comp. Laws);
and the plaintiff, as assignee, stands in the same position with
reference to the note and any defense thereto, as the original
parties to the same (Stebbins v. Lardner, 2 S. D. 127, 48 N. W.
847; Hegeler v. Comstock, 1 S. D. 138, 45 N. W. 331).   As to
such a note, therefore, we apprehend there could be no ques-
tion as to the rights of the maker to show all the facts attend
ing the execution, and, when an alteration is shown in the same

without the consent of the maker, that the same will be held void. The note in controversy, having been altered after it left the hands of the maker, without his consent, was void in the hands of the plaintiff, as assignee of the payee, the insurance company. The judgment of the court below is correct, and must be affirmed; and it is so ordered.