CASE 33—ACTION UPON A NEGOTIABLE NOTE—OCT. 17.

# Bank of Commerce v. Haldeman.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED

BILLS AND NOTES—ALTERATION—PLEADING.

Held: A reply merely denying the allegation of the answer that a negotiable note sued on had been materially altered did not raise the issue that the note was so negligently drawn that the alteration could be made without exciting the suspicion of an ordinarily prudent business man, and therefore plaintiff could not rely on that fact to avoid the defense.

DODD & DODD, ATTORNEYS FOR APPELLANT.

## POINTS AND AUTHORITIES.

1. In the present case it being confessed that the appellant made no alteration in the figures or words in the body of the note, but is the innocent holder of a paper with the marginal figures and sum inserted in the instrument corresponding and in the same colored ink and handwriting, the question of change therein can not affect its rights. 10 Bush, 509 and 513, Woolfolk v. Bank of America.

2. Whether such defects appear on the face of the bill is more a question of law than fact, and when there is nothing on the face of the paper to give such notice, it is not only the province, but the duty, of the court, to refuse to present such an issue to the jury. 10 Bush, 517, Woolfolk v. Bank of America.

3. In a case like this, the defense must allege and prove a knowledge of the facts constituting the fraud on the part of the holder —that is, *such facts as would satisfy one of ordinary prudence and judgment of the infirmity in the bill;* and, appellee having failed to do so, a peremptory instruction should have been given for appellant. 10 Bush, 518, Woolfolk v. Bank of America.

4. If a bill or note is so negligently drawn, with blank spaces left for the addition of other words or figures, so that alterations can be made without exciting suspicion, the loss ought to fall on the party in fault. 10 Bush, 517, Woolfolk v. Bank of America; 13 Ky. Law Rep., 776, Newell v. First Nat. Bank of Somerset; 13 Bush, 204 and 205, Blakey v. Johnson; 97 Ky., 492, Ca-

Bank of Commerce v. Haldeman.

son v. Grant County Deposit Bank; 27 Mo., 547, Trigg v. Tay-
lor; 16 Peters, 1, Swift v. Tyson; sec. 1405, Daniel on Negotia-
ble Instruments; 8 Bush, 423, Smith, &c. v. Lockridge; 2 Dana,
142, Bank of Comonwealth v. Curry; 2 Met., 617, Millett v. Par-
ker; 10 B. M., 268 and 269, Smith v. Moberly; 1 Met., 647 and
648, Rogers v. Poston; 67 Pa. St., 82, Garrard v. Hadden; 4
Bingham, 253, Young v. Grote.

5. Marginal figures in a note are not a material part thereof. 10
Bush, 513, Woolfolk v. Bank of America; 1 R. I., 398, Smith v.
Smith; 57 Wis., 258, Johnston Harvester Co. v. McLean.

6. The maker who puts his paper in circulation, thereby invites the
public to receive it of any one having it in possession with ap-
parent title, and is estopped to urge actual defects occasioned
by his negligence. See all authorities cited in support of fourth
point.

7. It is the duty of the maker of a note to guard not only himself
but the public against fraud and alteration; by refusing to sign
negotiable paper made in such a form as to admit of false prac-
tices upon them with ease and without ready detection. 13 Ky.
Law. Rep., 776, Newell v. Bank; 13 Bush, 204, Blakey v. John-
son; 75 Pa. St., 188, Zimmerman v. Rote; 58 Ind., 429, Cornell v.
Nebeker; 79 Pa. St., 370, Brown v. Reed; 21 N. Y., 538, Van
Duer v. Howe; 10 La. Ann., 103, Isnard v. Torres, &c. See also
authorities under point 4.

8. The rule is, that where one of two parties, neither of whom has
acted dishonestly, must suffer, he shall suffer, who by his own
act occasioned the confidence and consequent injury of the
other. See authorities in support of points 4 and 7.

9. Where negotiable paper is delivered by one joint maker to his co-
maker, for whose benefit it was executed, in such a condition as
to enable him to fill blank spaces without in any manner chang-
ing the appearance of the paper as a genuine instrument, a re-
covery will be had on the part of the holder in good faith for
value, notwithstanding the alteration. 22 Mo. App., 166, Scot-
land Co. Nat. Bank v. O'Connell; 63 Ill., 321, Yocum v. Smith;
55 Ill., 224, Havey v. Smith; 56 N. Y., 137, Chapman v. Rose;
See also authorities in support of points 4 and 7.

BENNETT H. YOUNG, ATTORNEY FOR APPELLEE.

1. The constitution in this case is (and it is borne out by all cases we
have been able to see except one) that where a note is completed
at the time of its delivery and there are no blanks to be filled, if
alterations are made after the note thus completed is delivered,
without the consent of the parties, then the parties are released.

2 The court simplified the issues in this case to only one question—
    and that was, whether Haldeman signed the note as sued on.
    On this issue the jury decided for the defendant.
3. The only question raised by the pleadings is, whether the note
    sued on is the one signed by W. N. Haldeman, and if the note
    he signed was for $350, when he signed it, and was after-
    wards raised to $2,350 by adding the figure "2" in front of the
    figures 350, and inserting the word "twenty" in front of the
    words, three hundred and fifty, in the body of the note, then it
    was not the note he signed and the jury so found in their verdict.

### AUTHORITIES CITED.

Woolfolk v. Bank of Am.,10 Bush, 504; Smith v. Hall, 14 Bush,
604; Tiedeman on Notes and Bills, sec. 150; Randolph on Com.
Paper, sec. 1750; Hall v. Bank of Com., 5 Dana, 258; Am. &
Eng., vol. 2, 192; Blakey v. Johnson, 13 Bush, 197; Goodman v.
Eastman, 4 N. H., 555; Bank of U. S. v. Russell, 3 Yates, 391;
Holmes v. Trumper, 22 Mich., 434; Knoxville Nat. Bank v. Clark,
51 Iowa, 265; 11 Am. & Eng. Ency., Pleading, p. 158.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

Appellant is a duly-incorporated bank, with the powers
usually enjoyed by such institutions. On the 6th day of
May, 1898, it filed its petition in the Jefferson Circuit
Court, wherein it alleged that on the 15th day of November,
1897, appellee and Joseph Clark executed and delivered to
W. R. Noble their negotiable promissory note for $2,350;
that before the maturity thereof Noble discounted and
assigned the same note to it, and received the proceeds
thereof; that it thereby became, and had ever since been,
the owner and holder of said note; that upon the maturity
thereof it was duly presented for payment, which was
refused; and it asks for judgment therefor. The note sued
on was filed as an exhibit with the petition, and is as fol-
lows: "Louisville, Ky., Nov. 18, 1897. $2,350.00. Four
months after date, we promise to pay to the order of our-
selves twenty-three hundred and fifty dollars, without de-
falcation, value received, negotiable and payable at the

Bank of Commerce v. Haldeman.

American National Bank, Louisville, Ky.   [Signed] Joseph Clark.   W. N. Haldeman."   Indorsed by the same parties and W. R. Noble.   Appellee, Haldeman, filed his separate answer in three paragraphs.   In the first paragraph he says that the signature to the note sued on, and the indorsement on the back thereof, are genuine, but that the note, at the time he signed and indorsed it, was for $350, that, without his authority, knowledge, or consent, it had been altered and changed; that before the figures $350" on the face of the note the figure "2" had been placed, which made the figures read "2,350" instead of "350," as originally signed and indorsed by him; that before the writing of "three hundred and fifty dollars" in the body of the note there was written, without his knowledge, authority, or consent, the word "twenty," which made the writing read "twenty-three hundred and fifty dollars" instead of "three hundred and fifty dollars," and pleaded that by such alteration he was released and discharged from all liability on said note.   In the second paragraph he alleges that at the time he executed the note he believed that it was the renewal of a certain note due by the Louisville Turkish-Bath Company, which he had previously indorsed. In the third paragraph he charges the fact to be that the note was not really the property of appellant.   Appellant, by reply to the first paragraph of the answer of appellee, denies that at the time appellee signed and indorsed the note in question it was for only $350, or for any sum less than $2,350, or that, after said defendant had signed and indorsed said note, it was altered or changed; and in like manner it denies that before the figures "350" on the face of the note the figure "2" was placed after appellee had signed and indorsed it, or that

the note when signed and indorsed by appellee, was or ever had read for any sum less than $2,350, as it now stands; and in like manner denies that the word "twenty" in the body of the note, before the words "three hundred and fifty," was placed there without the authority, knowledge, or consent of appellee after he had signed it; and in like manner denies that any of the alleged changes were made on 'the note after it had been signed by defendant, or that they were placed there without his authority, knowledge or consent, either by fraud or forgery, or that by reason of such alteration or forgery or any other cause, the defendant was released or discharged from any liability thereon. It further alleges that in November, 1897, a duplicate of the note sued on was presented to it for discount, but that upon inspection it was discovered that it was dated on Sunday, and it declined to discount it for this reason alone; and that thereupon appellee destroyed it, and substituted the note sued on, without altering or changing the amounts named therein, and that thereupon they in good faith purchased the note, and paid the proceeds to Noble, the holder. With these issues thus defined, the case was tried before a jury, and resulted in a verdict and judgment for the defendant, Haldeman.

The grounds relied on for reversal are that the court erred in refusing to submit to the jury the question of Haldeman's negligence in executing the note sued on in blank, or in such form as to invite the alteration therein complained of, by Clark, in such a manner as not to excite the suspicion of an ordinarily prudent business man upon an inspection thereof; and because the court failed to instruct the jury as to whether or not the appellant in good faith received and discounted the note sued on, with or without

any knowledge of any alteration having been made therein by Clark; and in failing to tell the jury that, if appellant received and discounted said note without any knowledge of any alteration having been made therein by Clark, the law is for the plaintiff, and the jury should so find.

In the instructions given to the jury the issue was limited to the point as to whether or not the note sued on had been changed or altered by the insertion of the figure "2" before the figures "350," and the word "twenty" before the words "three hundred and fifty" in the body of the note, before it had been signed and delivered by appellee, Haldeman. Upon the trial Haldeman testified unequivocally that both alterations were made after it had been signed and delivered by him. The main testimony conducing to rebut this statement of Haldeman was the face of the note itself, which clearly indicates that the words "twenty-three hundred and fifty" were all written in the body of the note in the same handwriting, and that the space occupied by the word "twenty" before the words "three hundred and fifty" was the space in which the word should have been written; and the further testimony based on the execution of a note in all respects similar, which was dated on Sunday, and which appellee, Haldeman, testifies was destroyed in his presence.

The law in this State is well settled that, if a negotiable bill or note is so negligently drawn, with blank spaces left for the addition of other words or figures, so that alterations can be made therein without exciting the suspicion of an ordinarily prudent business man, the loss ought to fall on the party in fault. See Woolfolk v. Bank, 10 Bush, 517; Blakey v. Johnson, 13 Bush, 204; Newell v. Bank, 13 Ky. Law Rep., 776. But it does not seem to us that this issue is raised by the pleadings. If Haldeman left the blank spaces in the body of the note where the word

"twenty" could be inserted, so as not to excite the suspicion of a careful business man, he would have been undoubtedly liable upon it to any *bona fide* holder thereof without notice, when the note had been filled out for a larger amount, as courts of equity will not aid one who has been guilty of negligence, and caused the mischief of which he complains; but if appellant intended to rely upon the faulty or negligent execution of the obligation sued on, and that such negligence facilitated the alteration complained of, so as to deceive it, and that this negligence was the proximate cause of the loss, it was necessary, in order to raise this issue, to have specifically relied upon it in its reply. There is no allegation or charge in the pleading that appellee was negligent or careless in the execution of the note sued on, and that by reason of such negligence appellant had been deceived and induced to purchase the note, and thereby incurred loss.

As the instructions to a jury must be based upon and applicable both to the pleadings and the evidence, and should neither be broader nor narrower than the pleadings, but should be predicated on all of the issues raised by the pleadings and supported by the evidence, they should not divert the attention of the jury to an issue not raised by the pleadings. See 11 Enc. Pl. & Prac., 158, and the authorities there cited. The pleadings in this case allege, in substance, the execution of the note sued on. The answer denies this, and states that the note had been altered, and the alterations are set forth. The reply is, in substance, nothing more than a denial of the averments of the answer, and on this issue alone the court properly instructed the jury, ignoring all others, and we are of the opinion that the testimony supports the findings of the jury on this single issue. Judgment affirmed.

Petition for rehearing by appellant overruled.