## THE BANK OF HERINGTON v. CARL WANGERIN.

**No. 12,480.** ( 70 Pac. 330.)

SYLLABUS BY THE COURT.

1. PROMISSORY NOTES — *Frandulent Alteration*. Where a negotiable instrument is delivered to a payee, complete in all of its parts, the maker thereof is not liable thereon, even to an innocent holder, after the same has been fraudulently altered so as to ex press a larger amount than was written therein at the time of its execution.

2. ———— *Duty of Maker*. Such maker is not bound, at his peril, to guard against the commission of forgery by one into whose hands such instrument may come.

Bank v. Wangerin.

Error from Marion district court; O. L. MOORE, judge.    Opinion filed October 11, 1902.    Affirmed.

*Fred D. Carman*, and *Thornton Cooke*, for plaintiff in error.

*N. F. Miesse*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The defendant in error, Wangerin, executed his note for sixty dollars to one Mc-Naspy, as payee.    The note was written by the payee upon a printed blank, and in such form that, after Wangerin had signed, McNaspy was enabled to place in the scroll prepared for the figures representing the number of dollars the figure "1" before the figures "60," and to write in the line prepared for the written amount and before the word "sixty" the words "one hundred and."    This was all done in such manner that no one would be able to discover the change or alteration by the closest scrutiny, and thereby the note appeared to be one executed by Wangerin for the sum of $160.    This note was sold for its full value to the plaintiff in error, in the regular course of business, before maturity, and without notice of any change. The question is whether the bank can recover either the face of the note or the original consideration of sixty dollars from Wangerin.    The district court held that it could not.

The authorities are at variance on this proposition, the greater weight, and, as we think, the better reasoned, being that no recovery can be had on the note. The cases holding the contrary rule do not agree on the reasons therefor.    Some place it on the ground of negligence on the part of the maker, in this, that in the drawing of a negotiable promissory note, which

might or probably will be sold to an innocent holder, he is bound, at his peril, to see that the instrument is executed in such form that an alteration therein could not be made so as to deceive and mislead an innocent holder thereof; that it is the duty of the maker to use all such reasonable means as are necessary to guard against the alteration of the note so as to defraud the indorsee. Others hold that the maker is estopped from denying the execution of the note by the equitable doctrine that, where one of two innocent parties must suffer from the wrong doing of a third, he must suffer who has made it possible for such third party to commit the injury. It does not very clearly appear from the argument of the plaintiff in error which one of these principles it invokes, though it undoubtedly is willing to avail itself of either.

We think the former ground is not available, because the proximate cause of the injury to the indorsee was the fraudulent and criminal act of McNaspy in raising the amount of the note, and not the negligence of Wangerin in its execution. Wangerin cannot be held to be negligent for not anticipating that McNaspy would, or might, commit this act of forgery, such acts being unusual and not to be anticipated. Indeed, we think it may be safely held that on one can ever be charged with negligence for his failure to make it impossible for another to commit a crime.

The equitable principle is not fairly stated by the quotation from plaintiff in error's brief, that "where one of two innocent parties must suffer loss by the fraud of a third, he who has made the loss possible by his negligence must bear the burden of loss." It would be better to say that where somebody must be the loser by reason of a deceit practiced, he who employs and puts trust and confidence in the deceiver

should be the loser rather than the stranger.    In order to estop one by the acts of another, such other must be in some way clothed with an agency to act for the one sought to be estopped, and the maxim does not apply where the party who did the injury did so without warrant or authority, express or implied, from any one.    In this case, as McNaspy can in nowise be said to be the agent of Wangerin, the latter cannot be estopped by an unauthorized, much less by a felonious, act of his.

In 1877, Chief Justice Gray, speaking for the supreme court of Massachusetts, in *Greenfield Savings Bank v. Stowell*, 123 Mass. 196, 25 Am. Rep. 67, after a full review of all the cases on both sides of this question decided up to that time, said :

"The alteration of a promissory note by one of the makers, by increasing the amount for which it was made by the insertion of words and figures in blank spaces left in the printed form on which it was written, avoids the note as to such makers as do not consent thereto, even in the hands of a *bona fide* holder for a valuable consideration."

Since that time, the supreme court of Kentucky, alone of all the courts of last resort in this country, in *Bank of Commerce v. Halderman*, 58 S. W. 587, following its former decision, has taken the contrary view.    On the other hand, the view expressed in *Greenfield Savings Bank v. Stowell*, supra, has been sustained in the following cases : *Cape Ann National Bank v. Burns*, 129 Mass. 596 ; *Exchange Nat. Bank v. Bank of Little Rock*, 58 Fed. 140, 7 C. C. A. 111, 22 L. R. A. 686 ; *The Knoxville National Bank v. Clark*, 51 Iowa, 264, 1 N. W. 491, 33 Am. Rep. 129 ; *Fordyce v. Kosminski*, 49 Ark. 40, 3 S. W. 892, 4 Am. St. Rep. 18 ; *Burrows v. Klunk*, 70 Md. 451, 17 Atl. 378, 3 L. R. A. 576, 14 Am. St. Rep. 371 ; *Cronkhite v. Nebeker et al.*,

81 Ind. 319, 42 Am. Rep. 127 ; *Searles v. Seipp*, 6 S. Dak. 472, 61 N. W. 804. The same principle is also announced in Bigelow's Law of Bills, Notes, and Cheques, 216, 221 ; 2 Parsons's Notes and Bills, 549 ; 1 Randolph's Commercial Paper, section 187. We think the same general principle has been announced by this court in *Horn v. Newton City Bank*, 32 Kan. 518, 4 Pac. 1022.

Many cases can be found supporting the rule, and probably the law is that, where an instrument, as uttered by the maker thereof, is in an incomplete form, having blanks which palpably invite addition or change, the maker will be held to have empowered the payee to fill such blanks as his agent, and when such instrument, so changed, is found in the hands of an innocent holder, it should be enforced against the maker ; but the case at bar is not of that kind. Here the instrument was complete in every respect when delivered to the payee, and we must hold, following the proper reasoning, and as we think the great weight of authority, that where a negotiable instrument is delivered to a payee, complete in all of its parts, the maker thereof is not liable thereon to an innocent holder, after the same shall have been fraudulently altered so as to express a larger amount than was written therein at the time of its execution.

It is, however, insisted that the plaintiff in error is entitled to recover in this action the original amount for which the note was given. The petition, besides setting out the note in its altered form, discloses all of the facts of the transaction, among them that the note was given March 26, 1896. This action was not commenced until July 20, 1900. Admitting that had action been commenced in time and upon proper allegations a recovery could have been had as for money

had and received, yet in this case the petition on its face shows that more than three years elapsed between the date of the transaction and the bringing of the action, and hence recovery is barred by the statute of limitations. It follows that recovery cannot be had either on the note, for that is not the contract of defendant, or on the original transaction, as that is barred by the statute of limitations.

The judgment of the district court will be affirmed.

All the Justices concurring.