CASE 27—ACTION BY THE FIRST NATIONAL BANK OF LOUISVILLE V. J. L. HACKETT ON A NOTE.—DEC. 2.

# Hackett v. First National Bank of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

BILLS AND NOTES—LEAVING BLANK SPACE THEREIN—ALTERATION BY MAKER—LIABILITY OF SURETY.

> One who signs a note as surety in which are written the words, "five hundred," with spaces before and after them, which the maker fills up by writing "twenty" before and "fifty" after them, thereby making a note for $2,550, is liable thereon to a bona fide purchaser.

GIBSON, MARSHALL & GIBSON, FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. The maker of an incomplete instrument—one with blank spaces in which *nothing* is written—will not, as a general rule, be released because of alterations made by filling these blank spaces; but if each space is utilized for its proper purpose, though not entirely filled, *it is a complete instrument*, and any

material alteration caused by inserting other words in the un-filled part of the space releases the maker, even against an innocent holder, though the alteration can not be detected on the closest scrutiny.

Daniel on Neg. Instru., 1404-7a and 8; Randolph on Com. Paper, sec. 1754; Bigelow on Bills, Notes and Cheques, 218; Woods' Byles on Notes, 323; Thompson on Trials, 296; Green-field Sav. Bk. v. Stowell, 123 Mass., 196; Holmes v. Trumper, 22 Mich., 427; Wade v. Withington, 1 Allen (Mass.) 561; Mc-Grath v. Clark, 56 N. Y., 34; Burrows v. Klunk, 70 Md., 371; Exchange Nat. Bk. v. Bank of Little Rock, 58 Fed. Rep., 141. Knoxville Nat. Bk. v. Clark, 51 Iowa, 264; Wood v. Steele, 6 Wallace, 80; Fordyce v. Kosminski 49 Ark., 40; Searles v. Seipp, S. Dak., S. C., 61 N. W., 804; Worrall v. Gheen, 39 Pa. St., 388; Simmons v. Atkinson & L. Co., Miss., 12 So., 263.

2. The preceding proposition presents a question which is an open one in this State, it never having been presented to this court for decision. The cases of Bank of Commerce v. Halde-man, 22 Ky. L. Rep., 719, and Blakey v. Johnson, 13 Bush, 204, decide the question, but in each case the court distinctly declared that the question was not presented. In Blakey v. Johnson, which is cited to support the dictum in the other case, the court distinctly said that the question which it de-cided and on which it affirmed the case was not presented by the pleadings or the evidence, or submitted to the jury or argued by counsel.

3. The general rule applied in cases where one of two inno-cent parties must suffer has no application to a case where a complete note has been so carelessly executed as to allow alter-ations to be made that can not be detected on careful scrutiny and has passed into the hands of an innocent holder. The crime of the forger, and not the negligence of the maker is the proximate cause of the loss.

McGrath v. Clark, 56 N. Y., 34; Knoxville Nat. Bank v. Clark, 51 Iowa, 264; Wood v. Steele, 6 Wall., 80; Fordyce v. Kosmin-ski, 49 Ark., 40; Goodman v. Eastman, 4 N. H., 455; Jones v. Bangs, 40 Ohio St., 139; Bruce v. Westcott, 3 Barb., 378; Schol-field v. Earl of Londesborough, A. C., 514; Burrows v. Klunk, 70 Md., 451; Worrall v. Gheen, 39 Pa. St., 388; Holmes v. Trumper, 22 Mich., 427.

4. When a complete note, executed on a printed form, with every blank space utilized for its proper purpose, is altered by inserting other words so as to raise the amount, and the holder seeks to avoid the effect of the alteration by alleging that the note was so negligently executed as to admit of the alteration

Hackett v. First National Bank of Louisville.

without detection, and the maker denies such negligence, an issue of fact is formed which should be submitted to the jury. Brown v. Reed, 79 Penn. St., 370; Leas v. Walls, ·110 Penn. St., 57; Beaman v. Russell, 20 Vermont, 205; Printup v. Mitchell, 17 Ga., 558; Reed v. Kemp, 16 Ill., 449; Gillett v. Sweat, 1 Gil. R., 489; Iron Mountain Bank v. Murdock, 62 Mo., 70; Haskell v. Champion, 30 Mo., 138; Bruce v. Westcott, 3 Barb., 378.

5 Peremptory instructions are ordinarily granted only against a party having the burden, who fails to produce any evidence tending to sustain the issue.    They are never granted in favor of a party having the burden unless the issue is fully sustained by documentary evidence alone. Ellis v. Schlenker, 11 Ky. Law Rep., 999; Perry v. Reding, 9 Ky. Law Rep., 536.

HELM, BRUCE & HELM, for Appellee.

HENRY L. STONE, LEOPOLD & PENNEBAKER, of counsel.

### POINTS AND AUTHORITIES.

1. Where a person signs a note so prepared that ample blank space is left to permit of an easy alteration without there being any appearances of alteration, so that the attention of an ordinarily prudent business man is not attracted to it, the loss must fall upon the person thus carelessly signing the note, and not upon a *bona fide* purchaser for value, of the note. Woolfolk v. Bank of America, 10 Bush, 517; Blakey v. Johnson, 13 Bush, 199; Newell v. First National Bank of Somerset, 13 Ky. Law Rep., 773; Bank of Commerce v. Haldeman (Ky.), 58 S. W., 587: Daniel on Negotiable Instruments, sec. 1405; Garrard v. Hadden, 67 Pa. St., 82; Zimmerman v. Rote, 75 Pa. St., 188; Brown v. Reed, 79 Pa. St., 370; Isnard v. Torres, 10 La. Ann., 103; Capital Bank v. Armstrong, 62 Mo., 59; Young v. Smith, 63 Ill., 321; Harvey v. Smith, 55 Ill., 224; Seibel v. Vaughn, 39 Ill., 260; Young v. Lehman, 63 Ala., 519.

2. Wherever the courts of a State have rendered decisions which must necessarily affect the conduct of business in the State, and upon the faith of which the business has been presumptively conducted, the principle of *stare decisis* is particularly applicable, and in such cases it is better that the rule should be well understood than that it should be in accord with what the court may at a later date think better reasoning. South's Heirs v. Thomas' Heirs, 7 Mon., 62; Tribble v. Taul, 7 Mon., 456.

. 3. As the conclusion of negligence necessarily results from the fact of leaving ample blank space to make an alteration in the note without affecting its appearance, it would be idle

Hackett v. First National Bank of Louisville.

for the court to leave to the jury to determine whether ample
space had been left when it was perfectly certain from an ex-
amination of the note itself that ample space had been left.    In
such a case it is not only the province but the duty of the
court to decide this question itself as a question of law.  Wool-
folk v. Bank of America, 10 Bush, 517.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Joseph Clark applied to the appellant, J. L. Hackett, to
go his surety on a note for $500, payable at the American
National Bank of Louisville, Ky.   Hackett agreed to do
so, and signed the note drawn by Clark for $500, but there
was a space left in the note before the words "five hundred"
and after them, and Clark filled up the first space with
the word "twenty" and the other with the words "and
fifty," so as to make the note read as one for $2,550.  There
was nothing on the face of the instrument to indicate the
alteration, and Clark then discounted the note in this con-
dition to appellee, the First National Bank, of Louisville,
who paid him the money on it without notice of its infirm-
ity.   The facts being undisputed, the court properly held
that there was nothing to submit to the jury, as simply a
question of law was raised as to the legal effect of the con-
ceded facts.  It is argued that there was enough on the face
of the note to put the bank on notice, but, after a careful
examination of the instrument, we are of opinion that this
position can not be maintained.  In Blakey v. Johnson, 13
Bush, 197 (26 Am. Rep., 254), it was held, following Wool-
folk v. Bank, 10 Bush, 514, that where the drawer of a bill
of exchange or the maker of a negotiable note has himself,
by careless execution of the instrument, left room for in-
sertion to be made without exciting suspicions of a care-
ful man, he will be liable upon it to a bona fide holder with-
out notice, when the  opportunity which he afforded has
been embraced, and the instrument filled up with a larger

amount than it bore when he signed it, on the principle that he invited the public to receive it; and should bear the loss, rather than an innocent purchaser. This case was approved in Newell v. Bank, 13 Ky. Law Rep., 775, and in Bank v. Haldeman, 109 Ky., 222 (22 R., 717), (58 S. W., 587) as stating the rule of law correctly. Although the question here raised was not presented in either of these cases they at least evidence the acquiescence of the court in the rule that had been laid down. It is earnestly argued for appellant that the great weight' of authority is the other way, and that these cases should be overruled. It is also urged that the question was really not presented in Blakey v. Johnson, but in fact the judgment turns on this question alone, and no other was discussed by the court. The rule so declared is sustained by cases in Pennsylvania, Illinois, Missouri, Louisiana and Alabama. Brown v. Reed, 79 Pa., 370 (21 Am. Rep., 75) ; Yocum v. Smith, 63 Ill., 321 (14 Am. Rep., 120); Bank v. Armstrong, 62 Mo., 59; Isnard v. Torres, 10 La. Ann., 103; Young v. Lehman, Durr & Co., 63 Ala., 519. The decision has remained the law of the State for a quarter of a century. In the meantime business has been readjusted to it, and under the principle of *stare decisis*, we do not think it ought now to be departed from, for in matters of this kind it is not so important that the law should be rightly settled as that it should remain stable after it is settled; and, as has been well said, "attempts to change the course of judicial decisions under the pretext of correcting errors are like experiments by the quack on the human body. They constantly harass, and often jeopardize it." South's Heirs v. Thomas' Heirs, 23 Ky., 63. Again, in Tribble v. Taul, 23 Ky., 456, the court after stating the same rule said: "In the supreme court of a State, as this is, possessing with but few exceptions ap-

pellate judicial power coextensive with the State, the in-
fluence which its decisions must have is evident.  Its man-
dates are conclusive, and even its *dicta* are attended to in
all the inferior courts.  No sooner is a decision published
than it operates as a pattern and standard in all other
tribunals and as a matter of course, all other decisions con-
form to it.  If, in this court, a settled course of adjudica-
tion is overturned, then the trouble and confusion of re-
versing former causes succeeds in the inferior tribunals;
and even the credit and respect due to this court is shaken
by the phenomenon that A. has lost his cause on the same
ground that B. gains his.  And not only do these conse-
quences follow, but some still more serious may ensue; for
perhaps no court may strike the vitals of society with a
deeper wound than a capricious departure in this court
from one of its established adjudications."  Under the rule
which, for a quarter of a century, has been recognized, it
has not been necessary in this State for a purchaser of
such paper, which is fair on its face, to make inquiry as
to its validity before buying it, and much business has been
done on this basis.  In other jurisdictions, where the op-
posite rule prevails, the practice has been different, and it
would be manifestly a violation of the principle on which
the doctrine of *star  decisis* rests, for this court, after the
business of the State has adjusted itself to the rule which it
has laid down, now to reverse itself, and lay down the op-
posite rule.  Besides, the rule so declared seems in keep-
ing with the spirit and purpose of our statute regulating
paper of this character.  Section 19 of the Civil Code of
Practice as follows:   "In the case of an assignment of a
thing in action, the action by the assignee is without pre-
judice to any discount, set-off or defense now allowed; and
if the assignment be not authorized by statute the assignor
must be a party, as plaintiff or defendant.  This section

Hackett v. First National Bank of Louisville.

does not apply to bills of exchange, nor to promissory notes placed upon the footing of bills of exchange, nor to common orders or checks." It will thus be seen that bills of exchange, promissory notes placed upon the footing of bills of exchange, and common orders or checks are placed upon a peculiar footing. The reason for this is that a large part of the business of the commercial world is done through bills of exchange, bank checks, and notes placed upon the footing of bills of exchange, which pass from hand to hand in many transactions, serving as a substitute for money; and to promote this such paper in the hands of a *bona fide* purchaser is held free from defenses which might have been made between the original parties. By section 483, Kentucky Statutes, promissory notes, payable to any person or corporation, and payable and negotiable at any bank incorporated under the laws of this State or organized in this State under the laws of the United States, which shall be indorsed to and discounted by the bank at which the same is payable, or by any of the other banks above specified, are thereby placed on the footing of foreign bills of exchange. The note in question was placed on the footing of a bill of exchange. It was executed for the purpose of raising money. The purpose of the Statute is to promote negotiations of paper of this character to facilitate commercial transactions and obviate the necessity of the use of currency. It is in keeping with the purpose of the statute that he who puts out paper which is to pass in this way in commercial transactions should exercise due care, for it is necessarily intended to be used in raising money; and the fair effect of the statute would be defeated if a defense such as that here made were allowed against the paper in the hands of a *bona fide* holder.

Judgment affirmed.

Chief Justice Guffy dissents.