## McConnon & Co. v. Evans, et al.

(Decided February 26, 1913.)

### Appeal from Hickman Circuit Court.

1. Contracts—Defenses—Inconsistent Pleadings.—Where plaintiff sues on a copy of a contract purporting to guarantee performance thereof by William H. Humphreys, and defendant guarantors pleaded that they did not execute such a contract, and plaintiff subsequently filed the original contract, which showed that the principal obligor was Jasper R. Humphreys, but his name had been changed to William H. Humphreys, an amended answer setting up the fact that the alteration was made and the name of William H. Humphreys signed to the contract after defendants had signed it, and without their knowledge or consent, is not inconsistent with the original answer.

2. Contracts—Guaranty—Evidence—Sufficiency.—In an action to recover on a contract of guaranty, evidence examined and held sufficient to sustain a finding in favor of the defendants.

3. Contracts — Guaranty — Material Alteration — Notice — Inquiry.— Where defendants signed a contract guaranteeing performance by the party of the second part, and the name of the party of the second part was written in the contract, the fact that a blank

space was left for the signature of the party of the second part did not give to the party to whom the contract was delivered, or anyone else, implied authority to sign as party of the second part any other name than that indicated in the body of the contract as the party of the second part, and notice of the alteration of the name of the party of the second part was sufficient to put the party guaranteed on inquiry as to whether or not the alteration was made before or after the contract was signed by the guarantors.

1.    Contract—Guaranty—Material Alteration—Instruction.—Where defendants signed a contract of guaranty, purporting to guarantee the performance of a contract by Jasper R. Humphreys, party of the second part, and after signing it, and without their knowledge or consent, the name of Jasper R. Humphreys was erased and the name of William H. Humphreys inserted in lieu thereof, and also signed to the contract as the party of the second part, the alteration is material, and defendants are not liable thereon, and an instruction to this effect is proper.

R. L. SMITH and J. K. SMITH, for appellant.

BENNETT, ROBBINS & THOMAS, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, McConnon & Company, a Minnesota corporation, brought this action against William H. Humphreys, J. B. Evans and R. E. Nall to recover the sum of $482.71, with 6% interest thereon from March 1, 1909. Plaintiff filed with its petition a copy of a contract wherein plaintiff was party of the first part and William H. Humphreys party of the second part. In the contract so filed plaintiff agreed to furnish to William H. Humphreys, party of the second part, certain medicines, extracts and manufactured articles, which were to be sold by second party in Mississippi County, Missouri. Under the contract, second party agreed to pay to the party of the first part the wholesale price of all medicines, extracts and other articles so furnished to him. On the back of the copy of the alleged contract filed with the petition was the following guaranty, purporting to be signed by defendants J. B. Evans and R. E. Nall:

"In consideration of the sum of one dollar to us in hand paid by the party of the first part, and in further consideration of the execution by it of the within agreement, and the sale and delivery of its goods as therein provided to the party of the second part, we, the undersigned, jointly and severally guarantee to said party of the first part, its successors and assigns, the full and

complete payment of all indebtedness of the party of the second part to the party of the first part arising under said agreement, according to the terms and conditions thereof, and at the time and in the manner provided therein.''

The defendant W. H. Humphreys made no defense, and judgment went against him by default. The defendants, J. B. Evans and R. E. Nall, first filed an answer denying that they and William H. Humphreys entered into and made an agreement in writing delivered to plaintiff at Winona, Minnesota, as per copy attached to plaintiff's petition and made a part thereof, and denied that they signed the agreement of which the contract attached to the petition purported to be a copy. Subsequently, Henry J. McConnon and Joseph R. McConnon gave their depositions. With their depositions the original contract executed by defendants was filed as an exhibit. This contract showed that when first drawn Jasper R. Humphreys was the party of the second part. A line was drawn with a pen through the words ''Jasper R.,'' and above these words was written in ink ''William H.'' The contract is signed by William H. Humphreys as party of the second part, and on the back of the contract appear the signatures of J. B. Evans and R. E. Nall below the printed guaranty. Shortly after the original contract was filed the defendants filed an amended answer which contains the following allegations:

''The defendants, J. B. Evans and R. E. Nall, ask leave of the court to amend their answer herein, and say, that at the time of the filing of their original answer, the true facts of this case were not known to them or their attorney, and that other material allegations were omitted by their attorney; they say that there was a tentative agreement between the plaintiff and Jasper R. Humphreys for him to act as the plaintiff's agent, and that the contract herein sued on was written out and made by the plaintiff, as parties of the first part, and Jasper R. Humphreys, as party of the second part, and this contract was sent by mail by the plaintiff to the said Jasper R. Humphreys for execution by him, and for him to obtain the signature of guarantors that he would faithfully comply with the terms of said agreement.

''They say that after this said contract was received by the said Jasper R. Humphreys, he declined to execute it, but turned it over to his brother, William H. Hum-

phreys, who signed said contract and procured the signatures of these defendants to the guaranty on the back thereof, and the said William H. Humphreys then mailed said contract from Clinton, Kentucky, to the plaintiff at Winona, Minnesota. They say that after the said contract was signed by the said William H. Humphreys, and after these defendants had signed the guaranty on the back thereof, the words "Jasper R." were erased from the body of the contract, and in lieu thereof, the words "William H." were written therein, so that said contract was made to read "William H. Humphreys" instead of "Jasper R. Humphreys," as originally written, and they say the original contract was completely changed from its original execution and without the knowledge or consent of the plaintiff until said contract was returned to it and without the knowledge or the consent of these defendants and they, therefore, say that said writing, sued on, is not their act and deed."

The amended answer also contains the defense that the contract of guaranty was not to be binding on the defendants until accepted by plaintiff and notice of the acceptance given to defendants. During the trial the defendants filed an amendment to their amended answer. The amendment contains the following allegations:

"The defts. John B. Evans and R. E. Nall ask leave of court to amend their amended answer, and say that the stenographer and typewriter who wrote the answer made a mistake and they ask permission to correct same. They say that when they signed the contract it had not been signed by the said Wm. H. Humphreys or anybody else, and the name Jasper R. Humphreys was written in the body thereof, and they say that after they signed it, the name Jasper R. Humphreys was erased in the body of the contract without their knowledge or consent, and the name of W. H. Humphreys was signed to said contract after they signed it, without their knowledge or consent, but they do not know whether it was signed by said W. H. Humphreys or not and they never agreed to become the guarantors of W. H. Humphreys to plffs."

A trial before a jury resulted in a verdict and judgment for defendants. Plaintiff appeals.

The evidence for the plaintiff is to the effect that the contract in question was first made out in the name of

Jasper R. Humphreys and mailed to Jasper R. Humphreys. When it was returned to plaintiff the alteration from "Jasper R." to "William H." had been made. The contract was then signed by William H. Humphreys and by defendants Evans and Nall. No change in the contract was made by anyone connected with plaintiff company.

For defendants, Jasper R. Humphreys testifies that the contract was first sent to him. His name appeared therein as a party of the second part. He declined to execute the contract and turned it over to his brother, William H. Humphreys. When he turned it over to his brother the alteration from Jasper R. to William H. had not been made, nor had the contract been signed by William H. Humphreys. Evans and Nall testified that they never intended to become guarantors of William H. Humphreys, but only for Jasper R. Humphreys. When the contract in question was brought to them no change had been made in the name of the party of the second part, and the contract had not been signed by William H. Humphreys. When they signed the contract the name of Jasper R. Humphreys appeared as party of the second part. The alteration in the contract and the execution of the contract by William H. Humphreys both occurred after the defendants signed it, and without their knowledge or consent.

The court told the jury in substance to find for plaintiff in the sum of $482.71 unless they believed fiom the evidence that at the time Evans and Nall signed the contract in question the name of Jasper R. Humphreys was inserted in the contract as the principal obligor, and that after the defendant signed the writing, and without their knowledge or consent, the name of Jasper R. Humphreys was erased and the name of William H. Humphreys inserted and signed to the contract, in which event they should find for the defendants.

For plaintiff it is first insisted that the pleadings filed by defendants are inconsistent, in that in their original answer they pleaded *non est factum,* and by their amended answers admitted the signing of the contract in question, but claimed that it was afterwards materially altered without their knowledge and consent. There might be some merit in this contention if the original contract had been filed with the petition. As a matter of fact, however, what purported to be a copy was filed.

The defendants merely denied that they executed the agreement filed with the petition. That agreement purported to be a contract guaranteeing performance by William H. Humphreys. The defense that they executed no such contract of guaranty in behalf of William H. Humphreys is not inconsistent with their subsequent pleadings to the effect that they executed the contract in behalf of Jasper R. Humphreys, whose name was then embodied in the contract as the party of the second part, and that afterwards, without their knowledge or consent, the contract was materially altered by changing the name of the party of the second part. In other words, their original answer pleaded that they had not become guarantors for William H. Humphreys, and their amended answers are substantially to the same effect. That being true, they are not inconsistent.

It is next insisted that the verdict is flagrantly against the evidence. In this connection our attention is called to the fact that defendants frequently changed their defenses; that in their amended answer they alleged that they signed the contract in question after William H. Humphreys had signed it, while in their second amended answer they alleged that the word "after" was by mistake written for the word "before." While all this may be true, yet the defendants swear that the alteration was made and the name of William H. Humphreys signed to the contract after they signed it, and without their knowledge or consent. There is practically no evidence to the contrary, except the alleged inconsistent statements contained in the pleadings. If the defendants are to be believed, a question for the jury to decide, the verdict of the jury is not only not flagrantly against the evidence, but is supported by the weight of the evidence.

Lastly it is contended that the trial court erred in its instructions to the jury. In support of this contention we are cited to that line of cases holding that where a surety signs a note in blank and the principal fills up the blanks for a larger sum than is intended by the parties, the surety is bound to an innocent holder for value and without notice. There are numerous cases to this effect. Hackett v. First National Bank of Louisville, 114 Ky., 193; Carson v. Grant County Deposit Bank, 97 Ky., 487. The doctrine of these cases rests upon the principle that where one of two innocent parties must suffer, he should suffer whose negligence put it in

the power of another to commit the fraud. Bank of Commerce v. Haldeman, 109 Ky., 297; Diamond Distilleries Co. v. Gott, 137 Ky., 585. This doctrine was followed in the case of J. R. Watkins Medical Co. v. Brand, et al, 143 Ky., 468. The rule contended for, however, has no application to the facts of this case. If the evidence for defendants is to be believed, the name of Jasper R. Humphreys appeared in the body of the contract as party of the second part when they signed the contract. By the contract they undertook to guarantee performance by the party of the second part. The name of the party of the second part was not left blank; it was filled in. Though the name of the party of the second part had not been signed to the contract there was no implied authority on the part of William H. Humphreys, or anyone else, to sign as party of the second part any other name than that indicated in the body of the contract as the party of the second part. Furthermore, plaintiff accepted the contract with notice that the name of the party of the second part had been changed from Jasper R. Humphreys to William H. Humphreys. This was sufficient to put plaintiff on inquiry as to whether or not the alteration was made before or after the defendants signed as guarantors. That the alteration was material there can be no doubt. Defendants may have been perfectly willing to guarantee the performance of the contract by Jasper R. Humphreys and yet under no circumstances have been willing to sign a contract of guaranty for William H. Humphreys. The alteration being material, and the defendants not having by their negligence afforded anyone an opportunity to make the alteration, and the plaintiff having accepted the contract with notice that the name of the party of the second part had been changed, we conclude that the court properly instructed the jury that if they believed from the evidence that the alteration was made and the name of William H. Humphreys was signed to the contract after defendants signed it as guarantors, and without their knowledge or consent, they should find for the defendants. Blakey v. Johnson, 13 Bush, 197; Warren v. Fant, 79 Ky., 3.

Judgment affirmed.