## MAY v. WANIGER.

(Court of Civil Appeals of Texas. San Antonio. March 18, 1914.)

1. APPEAL AND ERROR (§ 285*)—PRESENTING ERRORS IN LOWER COURT—MOTION FOR NEW TRIAL—REVIEW OF RULINGS ON PLEADINGS.

A motion for a new trial is not necessary to present to the Court of Appeals error in the sustaining of exceptions to the answer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1684–1690; Dec. Dig. § 285.*]

2. GUARANTY (§§ 64, 65*) — DISCHARGE OF GUARANTOR—DISCHARGE OF PRINCIPAL.

Where a note and contract of guaranty were parts of the same transaction, and showed that the defendant was liable on the note only as guarantor, the substitution as principal payor of the note of an insolvent corporation for the original payor, which was solvent, released the guarantor, even though the contract of guaranty authorized the change of the name of the payor corporation.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 75; Dec. Dig. §§ 64, 65.*]

3. EVIDENCE (§ 423*)—PAROL EVIDENCE—NATURE OF LIABILITY—GUARANTY.

Where a contract of guaranty which was part of the same transaction as a note does not show on its face that the liability of the defendant on the note was only that of guarantor,

that fact may be shown by parol if it was known to the payee.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1957–1965; Dec. Dig. § 423.*]

Appeal from Hidalgo County Court; J. H. Edwards, Judge.

Action by J. T. Waniger against Harry May. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Chapin & Brown, of Mission, for appellant. R. J. Swearingen, of McAllen, and Graham, Jones, West & Dancy, of Brownsville, for appellee.

FLY, C. J. This is a suit on a joint and several promissory note for $1,000, payable to appellee, executed by the John Gowdy Manufacturing Company, Harry May, and E. S. Short. Only May was sued, and it was alleged that he had guaranteed the payment of the note by signing a contemporaneous written contract. Appellant answered that he had signed the note as a guarantor with E. L. Short for the John Gowdy Manufacturing Company, that appellee knew that he had signed the note only as a guarantor, and that the People's Manufacturing Company had been substituted for the John Gowdy Manufacturing Company, as payor, without the knowledge or consent of appellant. Exceptions were sustained to the answer, and the jury was instructed to find for appellee for $629.42, and interest, being the balance unpaid on the note.

[1] Appellant excepted to the action of the court in sustaining the exceptions, and it was not necessary to file a motion for a new trial in order to present error on the action of the trial court on his appeal to this court. Railway v. Beasley (Sup.) 155 S. W. 183; Davis v. Parks, 157 S. W. 449; Stein Tire Co. v. Fulton, 159 S. W. 1013. This is said in view of objections made by appellee to the assignments of errors being considered because no motion for new trial was filed.

[2] The note and contract were parts of the same transaction, and clearly indicate that appellant was bound only as a guarantor of the payment of the note. In the contract of guaranty it was recited that it was proposed to change the name of the corporation, and that the liability of the guarantors was not to be affected thereby; but it is not alleged in the petition that the name of the corporation was changed, but merely that the "People's Manufacturing Company" was the successor to the John Gowdy Manufacturing Company. It was alleged in the answer that the People's Company, which was a bankrupt, had been substituted as payor in the note for the John Gowdy Company, which was solvent, and able to pay the note. That allegation presented a good defense. The guarantor can only be held for the debt of his principal, and any release of his principal by substituting another principal, or otherwise, releases the guarantor.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[3] If it did not appear from the contract that appellant was merely a guarantor of the payment of the note, he could show it by parol if the fact was known to the payee. Brandt Sure. & Guar. §§ 29, 30; Gardner v. Watson, 76 Tex. 25, 13 S. W. 39; Lemp v. Armengol, 86 Tex. 690, 26 S. W. 941.

The judgment is reversed, and the cause remanded.