13098

BERRY v. ADAMS *ET AL.*

(157 S. E., 805)

April, 1930.

*Messrs. Lide & McCandlish,* for appellants, 

*Mr. N. B. Hargrove,* for respondent, 

March 26, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor Judge Bonham, dated April 29, 1930, overruling a demurrer to the complaint interposed by the defendants. The substance of the complaint and the grounds of demurrer are sufficiently stated in the order, which will be reported.

The conclusion reached in the decree is correct, but, in our opinion, should have been placed upon a somewhat different basis as follows:

The effect of the merger or consolidation by which the Bank of Dillon took over the assets of the People's Bank and of the National Bank, and assumed their respective liabilities was to change the paymaster, as regards the deposit account of the receiver of the Bank of Latta in the People's Bank. By it the Bank of Dillon became the debtor of the receiver in the place of the People's Bank, whose obligation to the receiver had been personally guaranteed by the de-

fendants, directors of the People's Bank. If this consummation had been effected without the consent of the director-guarantors, it would have unquestionably constituted such a change in the obligation of the guarantors as would have discharged them from their guaranty.

As is said in 28 C. J., 994:

"A guarantor may be released from further liability by a change in the principal debtor or obligor, unless he consents thereto"—citing *Byers v. Hickman,* 112 Iowa, 451, 84 N. W., 500; *McConnon v. Evans,* 152 Ky., 491, 153 S. W., 773; *Saunders v. Ducker,* 116 Md., 474, 82 A., 154, Ann. Cas., 1913-C, 817; *People v. Backus,* 117 N. Y., 196, 22 N. E., 759; *May v. Waniger* (Tex. Civ. App.), 164 S. W., 1106; *Lester v. Romney,* 41 Utah, 436, 126 P., 325.

In order to counteract this possible claim of immunity on the part of the guarantors, it was incumbent upon the person guaranteed, the plaintiff here, to allege and prove that the change of debtors was made with the knowledge and consent of the guarantors. There is in the complaint no direct allegation of this fact, but, as it is alleged that the guarantors were directors of the People's Bank, which was a party to the merger or consolidation, and as it could not be consummated except by corporate action by the directors and stockholders of each of the submerged banks, it must be assumed that at least a majority of the directors of the People's Bank participated in, and consented to, the merger or consolidation. The complaint therefore contained sufficient allegations to justify a submission of this issue to a jury.

The following questions must arise upon the trial of the case:

(1) Did the guaranty of the directors of the People's Bank follow the transfer of the receiver's deposit account to the Bank of Dillon?

(2) Was there a novation, a substitution of the debt of

the Bank of Dillon for the debt of the People's Bank to the receiver?

(3)˙ Did the conduct of the receiver after the merger was consummated constitute a waiver of the obligation of the guarantors?

(4) Did the conduct of the receiver after the merger was consummated constitute an estoppel against the receiver, preventing his enforcement of the guaranty?

The judgment of this Court is that the order overruling the demurrer be affirmed for the reasons herein stated, and that the case be remanded to the Circuit Court, with leave to the plaintiff to amend his complaint as he may be advised, and with leave to the defendants to answer such amended complaint.

MR. CHIEF JUSTICE BLEASE, MR. JUSTICE STABLER and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE concur.

MR. JUSTICE CARTER (concurring in result): The order of the Circuit Judge in overruling the demurrer is satisfactory to me.