16171

SCHRODER v. ANTIPAS
(51 S. E. (2d) 365)

*Messrs. M. Martin Davis* and *I. H. Jacobson,* of Charleston, *for Appellant,*

*Mr. Thomas P. Bussey,* of Charleston, *for Respondent,*

January 13, 1949.

TAYLOR, Justice.

This appeal is from a decree of the Honorable W. H. Grimball, Judge of the Ninth Judicial Circuit, dated the 6th day of July, 1948, in which he dismissed the complaint in an action for specific performance of a written contract of sale of real estate located at Charleston, South Carolina. Plaintiff contends that she is the owner in fee simple of the real estate in question and has the power to convey a good and marketable title by virtue of the terms of the Will of her late husband, Jacob H. Schroder. The defendant in his answer denies such right and contends that under the terms of the Will plaintiff was devised only a life interest and that the fee simple title will pass upon the death of the plaintiff unto the United Synod of the Southern Evangelical Lutheran Church or its successors. Defendant further alleges that said United Synod of the Southern Evangelical Lutheran Church should be brought in as a party to these proceedings.

After hearing oral arguments by counsel the Honorable W. H. Grimball, resident judge, filed his decree dated the 6th day of July, 1948, to the effect that J. H. Schroder, by Will devised all of his property to his wife for life and at her death to the United Synod of the Southern Evangelical Lutheran Church for aiding worthy young men for the Gospel

Ministry in said Synod and denied the pleas for specific performance.

The wording of the will in question appears as follows:

"I give, devise, and bequeath my entire estate real and personal mixed and of every kind and description whatsoever which I may own or be in any wise entitled to at the time of My death unto my wife Emma R. Schroder, her heirs, executors, administrators and assigns forever. I hereby announce, constitute and appoint my said wife Emma R. Schroder sole executrix of this my last Will and Testament. During her life time, and after her death said estate is to be given to the United Synod of the Southern Evangelical Lutheran Church for aiding worthy Young men for the Gospel Ministry in said Synod."

Considering that portion of the devise from the beginning through the words "last Will and Testament" we find the wife is clearly given a fee simple title to the estate of the testator but the question then arises as to just what is meant by the words "during her life time and after her death said estate is to be given to the United Synod of the Southern Evangelical Lutheran Church for aiding worthy Young men for the Gospel Ministry in said Synod" and what, if any, interest does the United Synod of the Southern Evangelical Lutheran Church, who has not been made a party to this action, take under the Will.

One whose rights are affected by a decree construing a Will in a proceeding to which he is not a party, it seems, may maintain a petition to vacate the decree and rehear the case as regards the construction of the Will. *Lumpkin v. Lumpkin,* 108 Md. 407, 70 A. 238, 25 L. R. A., N. S., 1063, 57 Am. Jur. Sec. 1032, p. 669. The bringing in of additional parties is largely discretionary with the court, but where it clearly appears that additional parties are necessary to a complete determination of the controversy, the bringing in of such additional parties is mandatory.

*Weinberg v. Weinberg,* 208 S. C. 157, 37 S. E. (2d) 507. And where there is doubt, additional parties should always be brought in as defendants in a suit to sell property. *Peoples Bank of Hartsville v. Bryant et al.,* 148 S. C. 133, 145 S. E. 692, *Berry v. Adams et al.,* 159 S. C. 472, 157 S. E. 805, *First Carolinas Joint Stock Land Bank of Columbia v. Mc-Niel et al.,* 177 S. C. 332, 181 S. E. 21.

Under the well established principles of law heretofore referred to this court is of the opinion that it should not construe the Will unless and until all proper parties are brought before the court and that this case should be remanded to the Court of Common Pleas for Charleston County for this purpose and

It is so ordered.

BAKER, C. J., and FISHBURNE, STUKES, and OXNER, JJ., concur.